**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eric Bernard Bowman, Appellant,

v.

Wallace Blair Crosby, Respondent,

AND

Samantha Albert, Respondent,

v.

Eric Bernard Bowman, Appellant.

Appellate Case No. 2024-001254

———

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

———

Unpublished Opinion No. 2026-UP-355
Heard November 13, 2025 – Filed July 8, 2026

———

**AFFIRMED**

———

Raymond Darrell Turner, of Clarkson, Walsh & Coulter, P.A, Taylor Kathleen Goffer, of Gordon & Rees, LLP, Michelle N. Endemann, all of Charleston; and Michael T.

Coulter, of Coulter, Monroe & McDonald, LLC, of Greenville, all for Appellant.

Clayton B. McCullough, of McCullough Khan, LLC, and Daniel Scott Slotchiver, of Slotchiver & Slotchiver, LLP, both of Mount Pleasant, for Respondents.

---

**PER CURIAM:** This appeal arises from a civil action in which Eric Bernard Bowman was found liable for assault and battery and the jury awarded Wallace Blair Crosby approximately $1.87 million in actual damages and $2.8 million in punitive damages. Bowman contends the trial court erred by (1) denying him a new trial based on statements made by Crosby during Crosby's closing argument, (2) denying his motions for new trial *nisi* remittitur and absolute when the jury verdict was excessive and unsupported by the evidence, (3) denying his motion for judgment notwithstanding the verdict (JNOV) when the jury verdict for punitive damages was grossly excessive, (4) granting Crosby's directed verdict motion on the issue of Bowman's liability for the assault and battery causes of action as a result of Bowman's guilty plea, and (5) denying Bowman's request for certain jury charges. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Bowman a new trial based on statements Crosby made in Crosby's closing argument: *Toyota of Florence, Inc. v. Lynch*, 314 S.C. 257, 263, 442 S.E.2d 611, 615 (1994) ("The general rule is that the lack of a contemporaneous objection to an improper argument acts as a waiver."); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 657, 615 S.E.2d 440, 450 (2005) (providing that the failure to object to comments made during closing argument precludes appellate review of whether the comments were improper); *Varnadore v. Nationwide Mut. Ins. Co.*, 289 S.C. 155, 159, 345 S.E.2d 711, 714 (1986) (explaining that when a party asserts the opposing party made improper remarks during a closing argument, "the proper course . . . is . . . to *immediately* object and to have a record made of the statements or language complained of and to ask the court for a distinct ruling thereon" (quoting *Young v. Warr*, 252 S.C. 179, 200, 165 S.E.2d 797, 807 (1969))); *State v. Jones*, 435 S.C. 138, 144, 866 S.E.2d 558, 561 (2021) ("If an evidentiary ruling is pretrial, a contemporaneous objection must be raised during trial when the evidence is admitted, whereas a party need not renew an objection if the decision is final.").

2. As to whether the trial court erred in denying Bowman's motions for new trial *nisi* remittitur and absolute in which he argued the jury verdict was excessive and unsupported by the evidence: *Welch v. Epstein*, 342 S.C. 279, 303, 536 S.E.2d 408, 420 (Ct. App. 2000) ("[W]hen the verdict indicates the jury was unduly liberal in determining damages, the trial court alone has the power to reduce the verdict by the granting of a new trial *nisi remittitur*."); *id.* ("A motion for new trial *nisi remittitur* asks the trial court in its discretion to reduce the verdict because it is merely excessive, although not motivated by considerations such as passion, caprice[,] or prejudice."); *id.* ("If the amount of the verdict is grossly excessive so as to be the result of passion, caprice, prejudice[,] or some other influence outside the evidence, the trial [court] must grant a new trial absolute, not a new trial *nisi remittitur*."); *id*. at 302, 536 S.E.2d at 420 ("[T]o warrant a new trial absolute, the verdict reached must be so 'grossly excessive' as to clearly indicate the influence of an improper motive on the jury."); *id.* at 303, 536 S.E.2d at 420 ("[T]he jury's determination of damages is entitled to substantial deference."); *Wright v. Craft*, 372 S.C. 1, 36, 640 S.E.2d 486, 505 (Ct. App. 2006) ("[T]he decision to grant a new trial is left to the sound discretion of the trial court and generally will not be disturbed on appeal."); *id.* ("In deciding whether to assess error when a new trial motion is denied, this [c]ourt must consider the testimony and reasonable inferences therefrom in the light most favorable to the nonmoving party." (alteration in original) (quoting *Welch*, 342 S.C. at 302-03, 536 S.E.2d at 420)); *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 310, 594 S.E.2d 867, 873 (Ct. App. 2004) ("The trial [court] has considerable discretion regarding the amount of damages, both actual or punitive."); *id.* at 311, 594 S.E.2d at 873 ("Our task in reviewing a damages award is not to weigh the evidence[] but to determine if there is any evidence to support the damages award."); *id.* at 312, 594 S.E.2d at 874 ("Actual . . . damages include compensation for all injuries [that] are naturally the proximate result of the alleged wrongful conduct of the defendant."); *Harper v. Bolton*, 239 S.C. 541, 547, 124 S.E.2d 54, 57 (1962) ("Pain and suffering is recognized by the [c]ourts of this [s]tate as a very material element of damages on which a recovery may be bottomed."); *id*. at 547-48, 124 S.E.2d at 57 ("Damages for pain and suffering are unliquidated and indeterminate in character and the assessment of unliquidated damages must rest in the sound discretion of the jury, controlled by the discretionary power of the trial [court]."); *id.* at 548, 124 S.E.2d at 57 ("Pain and suffering have no market price. They are not capable of being exactly and accurately determined, and there is no fixed rule or standard whereby damages for them can be measured."); *Boan v. Blackwell*, 343 S.C. 498, 501-02, 541 S.E.2d 242, 244 (2001) ("An award for pain and suffering compensates the injured person for the physical discomfort and the emotional response to the sensation of pain caused by the injury itself."); *id.* at 502, 541 S.E.2d at 244

("Separate damages are given for mental anguish where the evidence shows, for example, that the injured person suffered shock, fright, emotional upset, and/or humiliation as the result of the defendant's negligence."); *id.* at 502, 541 S.E.2d at 245 ("[An] injured person is entitled to recover damages for loss of enjoyment of life."); *id.* at 501, 541 S.E.2d at 244 ("[L]oss [of enjoyment of life] is a compensable element, separate and apart from pain and suffering, of a damages award."); *id.* at 502, 541 S.E.2d at 244 ("[D]amages for 'loss of enjoyment of life' compensate for the limitations . . . on the injured person's ability to participate in and derive pleasure from the normal activities of daily life, or for the individual's inability to pursue his talents, recreational interests, hobbies, or avocations."); *Mellen v. Lane*, 377 S.C. 261, 289, 659 S.E.2d 236, 251 (Ct. App. 2008) (affirming the actual damages determined by the master, who awarded separate damages amounts for past medical expenses, past physical pain and suffering, past emotional distress, past loss of enjoyment of life, future physical pain and suffering, future emotional distress, and future loss of enjoyment of life).

3. As to whether the trial court erred in denying Bowman's motion for JNOV in which he argued the jury verdict for punitive damages was grossly excessive: *Glover v. N.C. Mut. Life Ins. Co.*, 295 S.C. 251, 256, 368 S.E.2d 68, 72 (Ct. App. 1988) (stating a motion for JNOV is a renewal of the directed verdict motion); *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331, 732 S.E.2d 166, 170-71 (2012) ("[O]nly the grounds raised in the directed verdict motion may properly be reasserted in a JNOV motion."); *Roland v. Palmetto Hills*, 308 S.C. 283, 286, 417 S.E.2d 626, 628 (Ct. App. 1992) ("A motion for [JNOV] . . . cannot raise grounds beyond those raised in the directed verdict [motion].").

4. As to whether the trial court erred in granting Crosby's directed verdict motion on Bowman's liability for the assault and battery causes of action as a result of Bowman's guilty plea to the criminal offense of assault and battery in the third degree: *Lane v. Gilbert Constr. Co.*, 383 S.C. 590, 595, 681 S.E.2d 879, 882 (2009) ("A motion for directed verdict goes to the entire case and may be granted only when the evidence raises no issue for the jury as to liability." (quoting *Ecclesiastes Prod. Ministries v. Outparcel Assoc., LLC*, 374 S.C. 483, 490, 649 S.E.2d 494, 497 (Ct. App. 2007))); *Hinkle v. Nat'l Cas. Ins. Co.*, 354 S.C. 92, 96, 579 S.E.2d 616, 618 (2003) (providing that an appellate court will reverse the trial court's ruling on a motion for a directed verdict only when no evidence supports the ruling or an error of law controls the ruling); *Doe v. Doe*, 346 S.C. 145, 148, 551 S.E.2d 257, 258 (2001) ("[O]nce a person has been criminally convicted he is bound by that adjudication in a subsequent civil proceeding based on the same facts underlying the criminal conviction."); *id.* at 149, 551 S.E.2d at

259 ("[A] criminal conviction . . . collaterally estop[s] relitigation of the same issue in a subsequent civil action."); *Zurcher v. Bilton*, 379 S.C. 132, 136, 666 S.E.2d 224, 226 (2008) ("[S]o long as a defendant has entered a guilty plea freely and voluntarily, an admission of guilt fully and fairly litigates the matter in the same manner as a contested trial in which a defendant is adjudicated guilty." (footnote omitted)); *id.* at 136, 666 S.E.2d at 226-27 ("[A] defendant who enters a guilty plea may be collaterally estopped from litigating the same issue in a subsequent civil suit.").

**AFFIRMED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**